An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES KENNETH WAYNE MATLEAN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66038

FILED

DEC 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus. Ninth Judicial District Court, Douglas County; Michael P. Gibbons, Judge. The district court conducted an evidentiary hearing, where appellant and his mother testified.

First, appellant contends that the district court erred by denying his claim that his guilty plea was not voluntary because he entered it while he was under the influence of medications. Appellant stated in his guilty plea agreement that he understood the consequences of pleading guilty and the rights he was giving up, despite any medications he was taking. This matter was also extensively discussed during the guilty plea canvass. *See Crawford v. State*, 117 Nev. 718, 722, 30 P.3d 1123, 1126 (2001) ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently"), *overruled on other grounds by Stevenson v. State*, 131 Nev., Adv. Op. 61, 354 P.3d 1277 (2015). And at the evidentiary hearing on his petition, appellant was unable to identify anything he misunderstood about the proceedings and eventually admitted that he simply regretted pleading guilty. Therefore,

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38492

we conclude that the district court did not err in rejecting this challenge to the guilty plea.

Second, appellant contends that the district court erred by denying his claim that his guilty plea was not voluntarily entered because counsel offered to pay him $20,000. Appellant's testimony at the evidentiary hearing makes clear that he weighed the different options available to him, considered the consequences of his decision, and concluded that pleading guilty was in his best interest. *See Stevenson*, 131 Nev., Adv. Op. 61, 354 P.3d at 1281 ("'The test for determining whether a plea is valid is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" (quoting *Doe. v. Woodford*, 508 F.3d 563, 570 (9th Cir. 2007))). Appellant's assertion that he was coerced was also inconsistent with other statements he made. Therefore, we conclude that the district court did not err by denying this claim.

Third, appellant contends that the district court erred by denying his claim that counsel was ineffective "because [he] would have insisted upon trial instead of pleading guilty since he had two viable defenses and attempted to withdraw his guilty plea three times before sentencing but trial counsel refused." To the extent appellant argues that counsel was ineffective for encouraging him to plead guilty, appellant fails to demonstrate deficiency or prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (holding that a petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and, but for counsel's errors, he would not have pleaded guilty); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). To the extent appellant argues that counsel was ineffective for failing to move to

withdraw his plea before sentencing, the district court concluded that the motion would not have been granted because appellant was unable to articulate any valid grounds to withdraw his plea. *See* NRS 176.165. We agree. *See Lader v. Warden,* 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005) (giving deference to the district court's factual findings but reviewing its legal conclusions de novo). Therefore, we conclude that no relief is warranted on this claim.[1]

Having concluded that appellant's contentions lack merit, we ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

---

[1]Appellant raises several claims which were not presented below, were raised for the first time in his reply, or are not cognizable in a postconviction petition. We decline to consider these claims. Specifically, we decline to consider appellant's claims that (1) counsel was ineffective because "an objective [sic] reasonable attorney would have presented [appellant's] voluntary intoxication and mental illness during trial to negate the specific intent to commit first degree murder," (2) counsel was ineffective because he failed to insert a clause in the guilty plea agreement allowing appellant to withdraw his plea if the district court felt the recommended sentence was too lenient, (3) counsel was ineffective for failing to complete an investigation before advising appellant to plead guilty, and (4) the district court abused its discretion by sentencing appellant outside the sentence recommended in the guilty plea agreement.

cc:    Ninth Judicial District Court Dept. 2
Mary Lou Wilson
Attorney General/Carson City
Douglas County District Attorney/Minden
Douglas County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A